IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTOYA LOPEZ, Romnel, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| MULLIN, Markwayne, in his official | : | |
| capacity as U.S. Secretary of Homeland | : | |
| Security; BLANCHE, Todd, in his official | : | |
| capacity as the acting United States Attorney | : | **No. 26-4440** |
| General; RIFE, John E., in his official | : | |
| capacity as the Field Director, Philadelphia | : | |
| Field Office, Immigration and Customs | : | |
| Enforcement; and JAMISON, J.L., in his | : | |
| official capacity as the Warden for the | : | |
| Philadelphia Federal Detention Center, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 2nd day of July, 2026, upon consideration of Romnel Montoya Lopez's

Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED**

that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Romnel Montoya Lopez is not subject to mandatory detention under 8 U.S.C. §

1225(b)(2).

2. Respondents shall immediately release Romnel Montoya Lopez from custody.

3. Immediately upon his release, Respondents shall return all personal belongings

confiscated upon or during Petitioner's detention, including his identification documents.

4. Respondents shall not subject Petitioner to any conditions of release, including the

imposition of any and all GPS monitoring technology or devices.

5.    Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than **5:00 P.M. E.S.T. on July 3, 2026**.

6.    Respondents are temporarily enjoined from re-detaining Romnel Montoya Lopez for seven days following his release from custody.

7.    If Respondents pursue re-detention of Romnel Montoya Lopez, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Romnel Montoya Lopez is a 24-year-old Colombian national who entered the United States on or about March 25, 2023, with his parents and sister. ECF No. 1 ¶ 19. Petitioner was detained at the border upon his entry, released on his own recognizance, and placed in removal proceedings. *Id.* ¶¶ 20–21. Petitioner now lives in Seaford, Delaware. *Id.* ¶ 2. On March 20, 2024, Petitioner filed a timely application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* ¶ 22. He has appeared at all immigration appointments and proceedings. *Id.* ¶ 22. Nonetheless, on June 27, 2026, Department of Homeland Security (DHS) officials took Petitioner into custody at the Philadelphia Detention Center, where he remains without bond or a bond hearing. *Id.* ¶ 23. Petitioner filed this Petition for Writ of Habeas Corpus on June 29, 2026, seeking his immediate release from detention. ECF No. 1. On July 2, 2026, Respondents timely filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention does not violate due process. ECF No. 4.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts, as well as the Second, Sixth, and Eleventh Circuits. *See* ECF No. 4 at 3; *see also Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026). This Court again rejects the government's position and holds Petitioner's detention without a bond hearing violates the Immigration and Nationality Act (INA).

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he (1) is an

"applicant for admission"; (2) is "seeking admission"; and (3) is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). This is the plain reading of the statute. "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission in 2023 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

The Supreme Court's discussions in *Blanche v. Lau*, No. 25-429, 609 U.S. ___, ___ S. Ct. ___, 2026 WL 1791339 (U.S. June 23, 2026), and *Mullin v. Al Otro Lado*, No. 25-5, 609 U.S.___, ___S. Ct. ___, 2026 WL 1825741 (U.S. June 25, 2026), do not change this outcome. Those cases both involved noncitizens arriving at the United States border, actively seeking to physically enter and presenting themselves for inspection. Neither involved the meaning of § 1225(b)(2)(A), nor did either one involve a section of the statute which included both phrases. Accordingly, the Supreme Court had no occasion to distinguish between "applicants for admission" or "seeking admission." *See Ramos Vega v. Jamison*, No. 26-4509 (E.D. Pa. July 2, 2026) (ECF No. 5). The Court's use of "applicant for admission" and "applicant seeking admission" when faced with different facts and different sections of the INA, therefore, does not change the plain meaning of § 1225(b)(2)(A) or its application to Petitioner. *Id.*

For the same reasons set forth in *Ramos Vega v. Jamison*, No. 26-4509 (E.D. Pa. July 2, 2026) (ECF No. 5), *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing is, therefore, unlawful, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.